# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-14-00508-CV
---

**A. L., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-FM-13-000534, HONORABLE TIM SULAK, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

This is an appeal from a final decree, following a bench trial, terminating the parental rights of a mother, A.L., to her two-year-old daughter, K.L. A.L.'s court-appointed counsel has filed a motion to withdraw and an *Anders* brief, concluding that the appeal is frivolous and without merit.[1] Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal.[2] A.L. was provided with a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights).

[2] *See Anders*, 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47.

At the termination hearing, the district court heard evidence tending to show that A.L. had tested positive for marihuana and PCP at the time K.L. was born. Carmen Bolich, a caseworker for the Texas Department of Family and Protective Services (the Department), testified that A.L. had initially agreed to enter the Travis County drug-court program but subsequently decided that she no longer wanted to participate, at which time the Department obtained temporary custody of K.L. Bolich explained that the Department then gave A.L. a family-service plan, which included protective parenting classes, basic parenting classes, therapy sessions, a psychological evaluation, a drug and alcohol assessment, and anger-management classes. When asked if A.L. had complied with any of these requirements, Bolich testified, "Not until recently. The only thing that she completed, which, I believe, was maybe a month or two ago, was a psychological." Bolich added that A.L. had not completed any of the recommendations contained within the psychological evaluation. Bolich also testified that A.L. had infrequently attended scheduled visits with K.L. and had last visited the child "over a year ago." Additionally, Bolich claimed, A.L. had maintained "very minimal contact" with the Department throughout the case, "maybe once a month at the most." Also, according to Bolich, A.L. had provided the Department with no indication that she would be able to provide a safe and stable home for K.L. Bolich testified that the Department was recommending termination of A.L.'s parental rights based on her failure to comply with court-ordered services and what the Department considered to be constructive abandonment of the child.

Bolich further testified that K.L. currently resides in a foster home and that the current foster placement is willing to adopt the child. Bolich opined that she believed it was in the child's best interest to stay in her current placement. She explained, "I believe [K.L.]'s very bonded

2

with her foster family and that they've taken great care of [K.L.] and they have met all of her needs. So I believe it would be in her best interest for [K.L.] to stay where she's at." Bolich added that K.L. had special medical needs and that the child's foster mother had done a "great job" of meeting those needs.

Charron Sumler, a supervisor at Court-Appointed Special Advocates (CASA) of Travis County, similarly testified that CASA was recommending termination of A.L.'s parental rights and that termination was in the best interest of the child. When asked to explain why CASA was recommending termination, Sumler explained, "[K.L.]'s been in the foster home for the majority of her life, and they're able to meet her needs, as mentioned, has some serious health concerns and other concerns from her birth. She had some in-utero drug exposure and some needs that need to be taken care of. And her foster home has done a really, really good job and has bonded with her."

Following Sumler's testimony, the Department rested its case. A.L. did not testify or personally appear at the hearing, although she was represented by counsel.

At the conclusion of the hearing, the district court granted the Department's requested relief and terminated A.L.'s parental rights. As specified in its termination decree, the district court found by clear and convincing evidence that termination was in the best interest of the child and that A.L had: (1) constructively abandoned the child and (2) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child.[3] This appeal followed.

---

[3] *See* Tex. Fam. Code § 161.001(1)(N), (O), (2).

Having reviewed the record and counsel's brief, we agree that the appeal is frivolous. We find nothing in the record that might arguably support the appeal.[4] We affirm the district court's termination decree and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   January 29, 2015

---

[4] *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47.